2010R00443/JM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. Claire C. Cecchi, USDJ |
| v. | : | Criminal No. 15-CR-35(CCC) |
| BENJAMIN SABIDO | : | 18 U.S.C. § 1347 |

## **INFORMATION**

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

1. At all times relevant to this Information:

   a. The defendant, BENJAMIN SABIDO ("defendant SABIDO"), was a resident of Franklin Lakes, New Jersey, and had medical offices in Newark, Paterson, Union City, and Passaic, New Jersey.

   b. Medicare is a federal program to assist qualified aged, blind, and disabled individuals in paying for the cost of health care. Medicaid is a jointly funded, federal-state health insurance program that provides certain health benefits to the disabled, as well as individuals and families with low incomes and resources. The Medicare and Medicaid programs worked by reimbursing health care providers, such as defendant SABIDO, for the costs of health care services and items at fixed rates.

   c. Defendant BENJAMIN SABIDO was a participating provider in the Medicare and Medicaid programs.

1

2. From at least in or about December 2006, through in or about approximately April, 2010, defendant SABIDO engaged in a scheme to defraud Medicare and Medicaid by submitting fraudulent claims for physical therapy services that SABIDO knew were either not provided at all or were provided by unsupervised and unlicensed providers.

3. It was part of the scheme to defraud that defendant SABIDO instructed his staff that although certain therapeutic exercises were not rendered, the staff should indicate on billing sheets that the services were in fact provided.

4. It was part of the scheme to defraud that defendant SABIDO did not employ any licensed physical therapists nor anyone qualified to provide physical therapy services.

5. It was further part of the scheme to defraud that defendant SABIDO knowingly authorized and encouraged unqualified members of his staff to provide physical therapy services, including electrical stimulation, massage, and other therapeutic procedures. Defendant SABIDO did not supervise these physical therapy services.

6. As a result of the foregoing scheme, defendant SABIDO received approximately $237,182 from Medicare and Medicaid based on fraudulent claims.

7. From on or about December 2006, through in or about April 2010, in the District of New Jersey and elsewhere, the defendant,

BENJAMIN SABIDO,

did knowingly and willfully execute a scheme and artifice to defraud health care benefit programs, namely, Medicare and Medicaid, and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money and property owned by, or under the custody and control of, Medicare and Medicaid, in connection with the delivery of and payment for health care benefits, items, and services.

In violation of Title 18, United States Code, Section 1347.

## FORFEITURE ALLEGATION

1. The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1347, charged in this Information, the defendant, BENJAMIN SABIDO, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all right, title, and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense of conviction, including but not limited to at least $237,182.49 in United States currency.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(7), to forfeiture of any other property of the

defendant, BENJAMIN SABIDO, up to the value of the property described in the preceding paragraph.

                                                                                        _____
                                                                                        PAUL J. FISHMAN
                                                                                        United States Attorney

CASE NUMBER: 15-cr-35(ccc)

# United States District Court
## District of New Jersey

**UNITED STATES OF AMERICA**

v.

**BENJAMIN SABIDO**

# INFORMATION FOR

18 U.S.C. § 1347

**PAUL J. FISHMAN**
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

**JOSEPH MACK**
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2824